IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DEVON J. PARKER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 13-1017-JDT/egb |
| | ) |
| JOANNE HENSON, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff Devon Parker, a former inmate at the Hardeman County Correctional Facility ("HCCF"),[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against Defendants Unit Manager Joanne Henson, Case Manager Latriver Lanier, and Job Coordinator Kristy Lake. Defendants have filed a motion for summary judgment [DE# 48]. Plaintiff has not responded to the motion. For the reasons set forth below, Defendants' motion is GRANTED.

Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Revised Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is

---

[1] Plaintiff is now incarcerated in a different correctional facility.

required to support that assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[2] or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1) give an opportunity to properly support or address the fact;
>
> (2) consider the fact undisputed for purposes of the motion;
>
> (3) grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

> In Celotex Corp., the Supreme Court explained that Rule 56:
>
> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case

---

[2] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Additionally, Rule 56(c)(4) specifically provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir. 1986); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

> The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

Id. at 252; see also Matsushita, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. Liberty Lobby, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52.

3

The fact that Plaintiff did not respond does not require granting Defendants' motion. Nevertheless, if the allegations of the complaint are contravened by Defendants' evidence and Defendants are entitled to judgment as a matter of law on those facts, then summary judgment is appropriate. Smith v. Hudson, 600 F.2d 60, 65 (6th Cir. 1979).

In the complaint, Plaintiff alleges that Defendant Lanier attempted to get him to sign a form accepting a job. Plaintiff read the form and explained to Defendant that he "could not sign his name to this form because he was currently in federal court litigating this very matter and [ ] respectfully decline to sign my name to any form which would indicate to the courts I accepted and resolved the matter of my First Amendment been [sic] violated by institutional Job Coordinator Kristy Lake and Unit Manger Joanne Henson." Plaintiff alleges that he was excused from Lanier's office but was called back. Plaintiff alleges that Defendants Henson and Lanier were waiting for him and Henson asked Plaintiff why he would not sign the form. Plaintiff explained that "it would not be in his best interest to sign anything concerning or addressing his pending lawsuit that would affect the merits of his lawsuit." Defendants charged Plaintiff with a disciplinary offense of refusal to participate. The charge was later dismissed.

As an initial matter, the court finds that Plaintiff's claim for injunctive relief is moot because Plaintiff has been transferred from the HCCF to the West Tennessee State Penitentiary. Requests for declaratory and injunctive relief are rendered moot when an inmate is transferred from the facility of which he complains to another facility. See Henderson v. Martin, 73 F. App'x 115, 117 (6th Cir. 2003). Therefore, Plaintiff's request for injunctive

relief is denied.

Defendants have presented the following statement of undisputed facts [DE#48-2]. On or around December 17, 2012, while at HCCF, Plaintiff was assigned to work in the position of "Cleaner, Commercial/Industrial." Plaintiff was presented with a program assignment notice for his assigned work position, which detailed the job description, pay rate, dates and times that he was to report to work, and the start date. Plaintiff viewed the form as a "job detail description form indicating [he] would take on this job detail."

Plaintiff was required to sign the notice to acknowledge that he had read it or had someone read it to him and understood the requirements of the position he was to undertake. Plaintiff refused to sign the form, stating that he was "currently in federal court litigating this very matter" and that signing his name to the program assignment notice would "indicate to the courts [he] accepted and resolved the matter." Plaintiff's refusal to accept his job assignment was a Class A disciplinary offense.

An incident report was created, and Plaintiff was issued an infraction for "Refused to Participate" pursuant to TDOC Policies and Procedures §502.05(VI)(A)(62). Plaintiff filed a grievance in connection to these events.[3] Three weeks after filing his grievance, on January 15, 2013, Plaintiff filed this lawsuit seeking injunctive relief and damages and alleging violations of his civil rights pursuant to 42 U.S.C. §1983.

On July 10, 2013, a hearing was held regarding Plaintiff's grievance, and the

---

[3] On February 18, 2013, Plaintiff filed a second grievance regarding the same events, but this grievance was deemed inappropriate per TDOC Policies and Procedures §501.01(VI)(J) on the ground that this near-duplicate grievance was an abuse of the grievance procedure.

5

committee concurred with the supervisor's response. However, on November 21, 2013, the Deputy Commissioner of Operations for the TDOC, J. Woodall, reviewed the grievance and determined that Plaintiff should not have been terminated from his position. He ordered that Plaintiff receive $48.96, as back pay for all of the hours that he would have worked from the original start date, December 17, 2012, through the date in which Plaintiff started his next assignment, May 6, 2013. To the extent that any disciplinary action was taken against Plaintiff in connection to this case, no such disciplinary infraction appears on Plaintiff's disciplinary record, as evidenced in the Tennessee Offender Management Information System ("TOMIS").

Plaintiff previously filed a lawsuit regarding his lack of a job assignment at HCCF. See Parker v. Easterling, et al., No. 1:13-01009. In that action, Plaintiff alleged that Defendant prison officials had violated his due process rights under the Fourteenth Amendment, both in connection with his attempts to be put to work and in the deprivation of his right to appeal the disciplinary charge against him. He also alleged that Defendants retaliated against him for filing grievances against them in violation of his First Amendment rights.

In granting Defendants' motion for summary judgment, this court held as follows:

> Plaintiff alleges that Defendants' failure to give him a job while he was in protective custody violated his Fourteenth Amendment Due Process rights. Plaintiff's claim fails because it is well-settled that a prisoner has no constitutionally protected liberty interest in prison employment or a particular prison job. See Weinberger v. United States, 268 F. 3d 346, 361 n. 6 (6th Cir. 2001) (discretion vested in corrections officials to set conditions of prison employment precludes implication of a liberty interest); Dellis v. Corr. Corp.

6

of Am., 257 F.3d 508, 511 (6th Cir.2001) (district court properly dismissed as frivolous the plaintiff's claim that he was fired from his prison job); Newsom v. Norris, 888 F.2d 371, 374 (6th Cir. 1989) (Precedent confirms that "[t]he Constitution does not create a property or liberty interest in prison employment ... [and that] any such interest must be created by state law by 'language of an unmistakably mandatory character.'"); Phipps v. Federal Prison Industries, Inc., 1987 WL 38286 at *1 (6th Cir.) ("a plaintiff has no property or liberty interest in federal prison employment which would entitle him to protection under the Due Process Clause"). And, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." Experimental Holdings, Inc. v. Farris, 503 F.3d 514, 519 (6th Cir.2007) (citing Bd. of Regents of State Colleges v. Roth, 408 U.S. 564, 579 (1972)).

Parker, No. 1:13-01009, Order Granting Def.'s Motion for Summary Judgment, D.E.# 144, pp 1-14. Therefore, to the extent that Plaintiff asserts a constitutionally protected liberty interest in prison employment in the present action, his claim fails.

To the extent that Plaintiff asserts a retaliation claim, that claim also fails. Prison officials may violate a prisoner's substantive due process rights if they retaliate against the prisoner for exercising his First Amendment rights to file a grievance or a lawsuit. McLaurin v. Cole, 115 F.3d 408, 410–11 (6th Cir.1997) (retaliation for filing a grievance for placing shampoo and butter on an inmate's legal materials); see also John L. v. Adams, 969 F.2d 228, 231–32 (6th Cir.1992) (a prisoner's right to file a lawsuit is protected by the First Amendment). When a prisoner brings a claim of retaliation, the prisoner must show that the exercise of the right was a substantial or motivating factor behind the allegedly retaliatory conduct and that the retaliatory conduct was "shocking to the conscience." McLaurin, 115 F.3d at 411.

In the present case, Plaintiff has not presented any evidence that the exercise of his

constitutional right to speech or access to the courts was a substantial or motivating factor behind any disciplinary action taken against him by Defendants. Instead, the undisputed evidence shows that the disciplinary actions, which were subsequently fully resolved in Plaintiff's favor, were done solely as a result of his refusal to accept his job assignment, which was a disciplinable offense.[4]

Because Defendants have refuted the allegations in Plaintiff's complaint that they violated his civil rights and because Plaintiff's claim for injunctive relief is moot, Defendants are entitled to judgment as a matter of law. Defendants' motion for summary judgment is GRANTED. The clerk is DIRECTED to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff acknowledges in his complaint that the disciplinary infraction was for "refused to participate…refusing to sign program assignment notice." Pl.'s Compl., D.E.# 1 p. 4.